GERARD E. LYNCH, Circuit Judge,
concurring:
As our per curiam opinion demonstrates, through the combination of the savings statute, 1 U.S.C. § 109, and the provisions of the Fair Sentencing Act of 2010, Pub.L. No. 111-220, § 2,124 Stat. 2372 (amending 21 U.S.C. § 841) (“FSA”), which fails to provide for any retroactive application of its reform of the sentences for crack co *205 caine offenses, Congress has commanded that offenders who committed such offenses before the effective date of the FSA but are to be sentenced after that date must be sentenced under the harsh terms of the prior law, now recognized by virtually everyone, including Congress, to have imposed unnecessarily and unfairly severe mandatory sentences. As Judge Calabresi acknowledges, this result is consistent with the Constitution, and — short of adopting a novel theory of constitutional adjudication — courts have no power to alter it.
There is a reasonable argument that Congress’s recognition that the prior law was unfair should have led to complete retroactivity, that is, to revisiting the sentences of the thousands of prisoners serving long terms of imprisonment pursuant to the now-abandoned policy. At the same time, it is understandable why Congress would have been reluctant to make its salutary reform fully retroactive. Doing so would not only have imposed a huge burden on the criminal justice system; prosecutorial and judicial decisions in many of those cases — including decisions to drop other, valid charges in return for a plea to a crack offense in the belief that the severe narcotics sentences would adequately protect society — may have been made in reliance on the existence of the prior law. Congress may well have decided that it is simply too difficult to rewind these cases to the beginning, unscramble all of the decisions that had been made, and reprosecute the cases as they might have played out had the provisions of the FSA been in effect all along.
It is more difficult, however, to understand why Congress would want to continue to require that courts impose unfair and unreasonable sentences on those offenders whose cases are still pending. Such defendants still need to be sentenced, and there are few persuasive reasons why they should be sentenced pursuant to an unjust law when Congress has already replaced it with a more just one. It seems likely that simple congressional inattention produced this result: understandably focused on the much larger question of full retroactivity, when Congress decided against making the provisions of the FSA fully retroactive, it may simply have overlooked the distinguishable, and much smaller, category of past offenders who are still being sentenced for pre-FSA crimes.
This is simply a transitional problem. The class of affected past offenders who are still subject to mandatory sentences calculated pursuant to the old and unjust 100-to-l ratio is presumably small. But it is no comfort to those, like the defendant in this case, who are sentenced unduly harshly under a now-discredited and repealed law, to know that a relatively small number of offenders share their predicament.
It may now be too late for Congress to affect many of these cases. The number of pre-FSA crack offenders whose sentences are not yet final shrinks with every day that Congress fails to act. But at least some such offenders will remain in the system for years to come. With the enactment of the FSA, Congress has finally remedied a glaring injustice in our narcotics laws. Perhaps some day it will revisit the fates of all those who are serving excessive sentences under those now-repealed laws. But even if the arguments against full retroactivity continue to prevail, Congress would do well to quickly and seriously consider whether it has inadvertently required courts to continue an unjust practice in a small but significant number of on-going cases.